UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DITARIUS JORDAN,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )    Case No. 21-1304 |
| WILLIAM SMITH, et. al.,<br>   Defendants | )<br>)<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint. [12].

Plaintiff's original complaint was dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8; April 4, 2022, Text Order. The Court was unable to decipher Plaintiff's allegations from the document provided. Therefore, Plaintiff was given additional time to file an amended complaint and advised he must include numbered paragraphs and state each claim only one time.

> For each paragraph, Plaintiff should state what happened, when it happened, what specific Defendants were involved, and any impact the event had on Plaintiff. For instance, if Plaintiff intends to state a claim concerning the food, he should state it one time in a paragraph by stating what specifically was wrong with the food, when did it occur, which Defendants knew about the problem or were responsible, and what impact did it have on the Plaintiff. April 4, 2022, Text Order.

The Court granted Plaintiff's Motion for an extension of time to comply, and Plaintiff has now submitted his proposed amended complaint which was filed as a

Motion for Leave to File. [12].  The motion is granted pursuant to Federal Rule of Civil Procedure 15.

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified five Defendants at the Peoria County Jail including Officers William Smith, Denise Carter, Carmisha Turner, Kristin Hart, and Paul Burns. However, Plaintiff refers to additional potential Defendants in the body of his complaint.

Plaintiff's amended complaint lists four allegations. Plaintiff's first claim involves his living conditions.  Beginning on June 28, 2020, Plaintiff was placed on "lock back" for twenty-four hours a day. (Amd. Comp., p. 5).  As a result, Plaintiff is rarely allowed out of his cell and only with restraints, shackles, and two escorting officers.  Plaintiff remains on the locked status and says he is segregated from other inmates, has "no natural lighting," and the lights (are) on 24/7. (Amd. Comp, p. 5).

Plaintiff claims he was not given a reason for the decision. Defendants Hart and Smith told Plaintiff they do not have to tell him why.  However, several officers including Defendants Hart, Smith, Cocks, Carter, and Hoffman informed Plaintiff Defendant Turner made the decision.  Plaintiff also says he was told "mental health"

2

made the decision, but mental health informed him it was due to "higher up" officers. (Amd. Comp., p. 5).

Plaintiff has adequately stated a claim based on his living conditions including the continued lock down status, limited time outside his cell, segregated confinement, and continuous lights.

Plaintiff has articulated the claim against Defendant Turner since he alleges she made the decision concerning his housing status. Plaintiff has not stated a claim against any other individual because Plaintiff only alleges the other officers told him about Turner's decision.

It is unclear if Plaintiff is currently a pretrial detainee, or if he has been found guilty of an offense and is now a convicted prisoner. The distinction is important because if Plaintiff is a pretrial detainee, his claim is pursuant to the Fourteenth Amendment, and if he is a convicted prisoner, his claim is pursuant to the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017).

In addition to the claim concerning his living conditions, Plaintiff also appears to be alleging Defendant Turner violated his due process rights because he was placed in punitive, restrictive housing without providing a reason or hearing.

Plaintiff's second claim states he was moved into a restraint chair on April 22, 2021, for 24 hours. Plaintiff says the chair was used when he refused to go on suicide watch because he was not suicidal. Plaintiff further alleges Defendant Turner was responsible for the use of the restraint chair because she lied about his conduct.

3

When he was released from the restraint chair, Plaintiff repeatedly told Defendant Smith to stop touching him because he could walk for himself. Defendant Smith then "slammed" Plaintiff and "placed his taser to the middle of my back and told me if I move he would fry my ass." (Amd. Comp., p. 6). Plaintiff says Defendants Smith and Officers Chainy, Cory, Hosea, and King continued to "push the shackles into my ankles" after he was already restrained and telling them he was in pain." (Amd. Comp., p. 6).

Giving Plaintiff the full benefit of notice pleading, the Court finds Plaintiff has alleged two claims of excessive force. Defendant Turner used excessive force when she placed Plaintiff in the restraint chair for 24 hours, and Defendants Smith, Chainy, Cory, Hosea, and King used excessive force when they "slammed" Plaintiff and continued to apply painful pressure when Plaintiff was already restrained. (Amd. Comp., p. 6).

Plaintiff's third allegation also alleges excessive force. Plaintiff says on either November 21, 2020 or November 28, 2020, Defendant Jones tasered Plaintiff because he asked to speak to Officer Bunting "about why she didn't like me and then lied on me and took my coffee." (Amd. Comp, p. 6).

Plaintiff's final allegation concerns the meals he was provided. From January 8, 2021, to March 24, 2021, Plaintiff received cold sack lunch meals for each meal which consisted of two sandwiches, chips, and fruit. Plaintiff says he was then placed back on sack meals on March 27, 2021, when he "would not allow (Officer Smith) to come into my room and mace me to look" for a food tray another officer had already taken. (Amd. Comp., p. 7). Defendants Smith, Hart, and Carter told Plaintiff he would remain on the

4

meal plan until he left the facility, but he was taken off on January 27, 2022. Plaintiff filed a grievance, but Defendant Turner took no action.

In addition, Defendant Burns came to Plaintiff's cell during mealtime on January 4, 2021, made a derogatory comment, and told Plaintiff "if I didn't grab my juice I was going to wear it, then closed my chuckhole, making juice splash all over me and the floor." (Amd. Comp, p. 7). Plaintiff filed grievance, but nothing was done.

Plaintiff has failed to articulate a constitutional claim. It is not entirely clear if Plaintiff was attempting to state a claim concerning his living conditions or the lack of nutritious meals, but he has failed to state who was responsible for placing him on sack meals. In addition, the failure to investigate or respond to a grievance does not state a constitutional violation. *See i.e. Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.")

Finally, splashing Plaintiff with juice, while not commendable, does not rise to the level of a constitutional violation. *See e.g. Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) ("[N]ot every 'malevolent touch' by a security officer implicates the Constitution."), *quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also Hill v. Sanders*, 2022 WL 2047140, at *2 (N.D.Ind Jun 7, 2022)("Although unpleasant and arguably childish, throwing a cup of cool water on an inmate during a heated verbal exchange is a *de minimis* use of force.").

Therefore, based on a review of the Amended Complaint, Plaintiff has articulated the following claims:

1) Defendant Turner violated Plaintiff's constitutional rights based on his living conditions including the continued lock down status, limited time outside his cell, segregated confinement, and 24/7 lights.
2) Defendant Turner violated Plaintiff's due process rights because he was placed on restrictive housing without providing a reason for the punitive action.
3) Defendant Turner used excessive force when she placed Plaintiff in the restraint chair for 24 hours beginning on April 22, 2021.
4) Defendants Smith, Chainy, Cory, Hosea, and King used excessive force when they "slammed" Plaintiff and continued to apply painful pressure when he was already restrained on April 23, 2021. (Amd. Comp., p. 6).
5) Defendant Jones tasered Plaintiff when he asked to speak with another officer November 21, 2020.

Plaintiff cannot proceed with all five of these claims in the same lawsuit. The Seventh Circuit has held different claims against different defendants belong in separate complaints and require separate filing fees. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

Therefore, the Court will allow Plaintiff an opportunity to clarify which claims he wishes to pursue in this lawsuit. Within 14 days, Plaintiff must state if he wishes to proceed with claims 1, 2, and 3 against Defendant Turner; or Count 4 against Defendants Smith, Chainy, Cory, Hosea, and King; or Count 5 against Defendant Jones. If Plaintiff does not respond, the Court will pick the first three claims articulated which were against Defendant Turner and dismiss all other intended claims. Plaintiff may still choose to pursue the dismissed claims by filing additional lawsuits if he submits his complaints within the two- year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992).

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED [12].

2) Within 14 days or on or before September 15, 2022, Plaintiff must state in writing which claims he wishes to pursue in this lawsuit.

3) If Plaintiff fails to respond by the September 15, 2022, deadline, the Court will proceed with the first claims articulated against Defendant Turner and dismiss all other claims and Defendants.

ENTERED this 1st day of September, 2022.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE