E-FILED
Tuesday, 27 September, 2022  04:06:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DITARIUS JORDAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-1304 |
| | ) | |
| WILLIAM SMITH, et. al., | ) | |
| Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

On September 1, 2022, the Court granted Plaintiff's Motion for Leave to Amend his complaint and identified five claims. *See* September 1, 2022 Merit Review Order. Plaintiff was admonished he could not pursue unrelated claims against different defendants in one lawsuit. *See George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

Therefore, Plaintiff was given until September 15, 2022, to indicate which claims he wished to pursue in this lawsuit.

> If Plaintiff does not respond, the Court will pick the first three claims articulated which were against Defendant Turner and dismiss all other intended claims. Plaintiff may still choose to pursue the dismissed claims by filing additional lawsuits if he submits his complaints within the two- year statute of limitations period. September 1, 2022 Merit Review Order, p. 6 (internal citation omitted).

Plaintiff has failed to respond by the deadline.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) 1) Defendant  Carmisha Turner violated Plaintiff's constitutional rights based on his  living conditions including the continued lock down status, limited time outside his cell, segregated confinement, and 24/7 lights; b) Defendant Turner violated Plaintiff's due process rights because he was placed on restrictive housing without providing a reason for the punitive action; and c) Defendant Turner used excessive force when she placed Plaintiff in the restraint chair for 24 hours beginning on April 22, 2021. *See* September 1, 2022 Merit Review Order (reviewing details of each claim). The claims are stated against the Defendant in her individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions.  Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service.  Defendant has 60 days from service to file an Answer.  If Defendant has not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss all Defendants except Turner pursuant to the September 1, 2022 Merit Review Order; 2) Attempt service on Defendant Turner pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

4

ENTERED this 27th day of September, 2022

s/James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE